FILED

JAN 2 2 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

---

JACK ROPER, #200 08148-007 )
1901 E Street, SE Petitioner )
Washington, DG, 20003 )
)
)
)
)
JOHN D. CAULFIELD, Warden )
CCA - Central Treatment Facility )
1901 E Street, SE )
Washington, D. C. 20003; )
)
)
DEVON BROWN, Director )
D. C. Department of Corrections )
1923 Vermont Street, NW )
Washington, D. C. 20001; )
)
UNITED STATES PAROLE COMMISSION )
5550 Friendship Boulevard )
Chevy Chase, MD 20815 )
                    Respondents )
)
_____ )

Civil Action No. _____
(        )

CASE NUMBER   1:07CV00148

JUDGE: John D. Bates

DECK TYPE: Habeas Corpus/2255

DATE STAMP: 01/22/2007

---

## MOTION FOR WRIT OF HABEAS CORPUS AD SUBJICIENDUM
## PURSUANT TO *TITLE 28 U.S.C.§2241*

COMES now Petitioner, JACK ROPER, by and through himself, (*pro se*) under the authority of

Title 28 of the United States Code, Section §2241(c), and Federal Rule of Civil Procedure

81(a)(2), respectfully states as follows:

**RECEIVED**

DEC 2 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

## I. BACKGROUND

This backround material has been garned from various sources including Parole board records and PSI reports and is incorporated here in. District of Columbia prisoner filed petition for writ of habeas corpus, challenging his detention on the basis that his rights were violated at his Parole Revocation hearing.

## I. Factual Backround

the Petitioner, Jack Roper is currently being incarcerated at the Central Treatment facility in Washington D.C. Jack Roper was Sentenced March 22, 1999 in the Superior Court for the District of Columbia to 40 months to 10 years for Attempted Robbery and Theft I. On February 20, 2006 Mr. Roper was released on Parole. On March 21, 2006 Mr. Roper was charged in Washington, D.C. for Unauthorize Usage of a Vehicle and a Fugitive warrant from Fairfax Virginia.

The Charges against Jack Roper was dismissed, no papered on August 9, 2006 by the Circuit Court Judge for Fairfax, Virginia as well as the charge of Unauthorize Usage of a Vehicle in D.C. Superior Court.

JACK ROPER v. JOHN D. C_____FIELD, et al

## 2. BACKGROUND

The charges initially arose from events that are alleged to have occurred on March 18, 2006 in Fairfax, Virginia. Mr. Roper was detained by the Parole Commission for alleged violations of his parole. A probable cause hearing was held on August 22, 2006. The hearing examiner made a probable cause finding on technical violations and the law violation (Unauthorize Usage of a vehicle.) A Parole hearing was scheduled. At the September 20, 2006 Parole Revocation hearing officer Falwesky the author of the Police Report of the incident, appeared as the sole witness to testify against Mr. Roper for the Commission. The alleged crime victm, did not appear at the hearing despite having been subpoenaed to testify. The only witness who testified at the Parole Revocation hearing were Espireta Garrison the Petitioners Court Supervision officer, and officer Falwesky.

·JACK ROPER v. JOHN D. CAULFIELD, et al

## 3. BACKGROUND

Officer Falwesky testified that He had no personal Knowledge of what happened. The officer did testify to having stopped me on march 20, 2006 for obstructing the VEIW of My Rear VEIW mirror in a white Lexus (ES 300) An NCIC check was done. I was issued a ticket and released. On March 21, 2006 officer Falwaskey testified that he stopped me again in the Same white ES 300 Lexus I was driving the night before. I was arrested and charged with Unauthoriz Usage of a Vehicle. The only evidence presented at the parole revocation hearing regarding the LAW VioLation (Unathorize Usage of a Vehicle) was based Solely on hearsay statements made by the alleged CRime Victim (Adverse witness) who was not present after being Subpoenaed to testify. There was not a good cause finding made as to why she did not appear to testify. The Examiner (Otis Thomas) called the Victim on the PhoNE during the revocation hearing and asked her did She Make the

JACK ROPER v. JOHN D. CAULFIELD, et al

report. The Victim <u>4 BACKGROUND</u> stated " It was a misunderstanding, I do not wish to pursue this matter and that I don't remember what I said that night". The Examiner Imediately hung the Phone up. The hearing officer found against Mr. Roper On the Unauthorize Usage of a Vehicle. The decision was based on testimony from officer Falwaskey, the arrest report (which contained hearsay statements) Based on these Findings the recommendation of the hearing officer resulted in the revocation of Mr. Ropers Parole on September 20, 2006 and He was sentenced as recommended. Counsel Filed for an appeal on October 23, 2006 Claiming the officers testimony violated Mr. Ropers Sixth and Fourteenth admendment Right to Confront and Cross Examine adverse witness. Mr. Roper remains incarcerated pending Final adjudication

2

JACK ROPER v. JOHN D. CAULFIELD, et al

## II. LEGAL ARGUMENT

The Adverse Witness (Alleged Victim) did not appear to testify and there was not a good cause Finding made as to why she did not appear to testify. The Petitioner brought the current action alleging that his rights to confront and cross Examine adverse witness had been violated. Factually, there is no dispute. the Petitioner's Parole was revoked based solely on hearsay testimony Contained in a police report.

JACK ROPER v. JOHN D. CAULFIELD, et al

## III. RELIEF SOUGHT

Implementation and application of Constitutional rights granted under the Sixth and Fourteenth admendments and further delineated regarding parolees by <u>Morrissey vs Brewer</u> et al;

a new parole revocation hearing where counsel has opportunity to question potential adverse witness(es) and other relief this court deems just and proper.

4

JACK ROPER v. JOHN D. CAULFIELD, et al

## IV. POINTS AND AUTHORITIES

① Morrissey V. Brewer 408 U.S. 471, 92 Sct 2593, 33 L Ed. 2d 484 (1972)

② Farretta V. California 422 US 806. 818, 95 S.ct 2525, 45 L. Ed. 2d 562

③ Crawford V. Washington 541 U.S. 36, 124 S.ct 1354, 158 L. Ed. 2d 177.

④ Singletary V. REilly Cite as 452 F. 3d 868 (D.C. Cir 2006)

JACK ROPER v. JOHN D. CAULFIELD, et al

## V. <u>CONCLUSION</u>

WHEREFORE Petitioner requests this Honorable Court to issue this <u>Writ of Habeas Corpus Ad</u>

<u>Subjiciendum</u> commanding named respondents to produce the body of the Petitioner before this

court, at a time and place to be specified by this court, so that this court may further dutifully

inquire into the lawfulness of respondent's custody of Petitioner; to discharge Petitioner from

respondent's custody; and to grant Petitioner such other and further relief to which Petitioner

may be entitled in this proceeding.


Respectfully Submitted this __27__ day of ___December___ 2006.


_____

JACK ROPER, *pro se*
DCDC No. #
CCA Central Treatment Facility
1901 E Street, SE
Washington, D. C. 20003

JACK ROPER v. JOHN D. CAULFIELD, et al

## OATH

I, JACK ROPER, Petitioner in the above-styled action, do swear under oath and penalty of perjury to having read the above petition; and that the information contained herein is true and correct to the best of my knowledge.

## CERTIFICATE OF SERVICE

I, JACK ROPER, Petitioner, have furnished copies of this petition by US Mail ("service") to the named respondents at their respective addresses on this **27** day of **December**, 2006; and have also sent copies ("cc:") to the following individuals:

> The Public Defender Service for the District of Columbia
> **Ms. OLINDA MOYD, Esq. – Parole Division**
> 633 Indiana Avenue, NW
> Washington, D. C. 20004