**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JACK ROPER, | : | |
| | : | |
| PETITIONER, | : | |
| | : | |
| v. | : | Civil Action No.: 07-148 (JDB) |
| | : | |
| JOHN D. CAULFIELD, *et. al.*, | : | |
| | : | |
| RESPONDENTS. | : | |

**RESPONDENTS JOHN CAULFIELD AND DEVON BROWN'S AMENDED RESPONSE**
**TO THE COURT'S ORDER TO SHOW CAUSE**

Respondents John Caulfield and Devon Brown (hereinafter "DC Respondents"), by and through counsel, file this amended response[1] to the August 6, 2005, Order to Show Cause, and states as follows:

**PRELIMINARY STATEMENT**

On January 22, 2007, Petitioner filed a Petition for a Writ of Habeas Corpus against DC Respondents. At the time of filing, Petitioner was incarcerated at the Central Detention Facility at the D.C. Jail. Petitioner appeared to be contesting issues surrounding his parole status. Petitioner was subsequently transferred into Federal custody and is currently incarcerated at a Bureau of Prisons facility in Jonesville, VA. DC Respondents accordingly argue that they are not proper party respondents, and that this Court lacks jurisdiction over Petitioner's claims. Furthermore, DC Respondents argue that they are not proper party respondents because they have no responsibility or control over matters concerning Petitioner's parole.

---

[1] Petitioner has also filed this action against the United States Parole Commission, who is represented by the U.S. Attorney's Office.

## ARGUMENT

### A.    John Caulfield and Devon Brown are Not Proper Party Respondents.

Petitioner is currently incarcerated at a Federal facility in Jonesville, VA, operated by the Federal Bureau of Prisons.  As such, John Caulfield and Devon Brown are not the proper respondents because neither of them have custody or control of the petitioner, and therefore cannot address the petitioner's claims or provide the relief sought in the petition. *See United States v. Crockett,* 861 A.2d 604 (D.C. 2004) (holding that the proper party in a habeas action is the warden who has custody over petitioner).  Therefore, DC Respondents would defer to the federal government on this matter.  The Office of the United States Attorney, on behalf of the Federal Bureau of Prisons, should address the merits of petitioner's claims.

### B.    This Court Lacks Jurisdiction Over Petitioner's Petition.

The District of Columbia Court of Appeals has held that there is no jurisdiction for the Court to entertain a writ for persons outside the District.  *See I.B. v. District of Columbia Dep't of Human Resources*, 287 A.2d 827 (D.C. 1972).  The Court reiterated this position in *Alston v. United States*, 590 A.2d 511, 514-515 (D.C. 1991), holding that the "District of Columbia Courts may grant habeas corpus relief *only* for prisoners incarcerated within the District or in the District of Columbia correctional facilities." Moreover, "[a] court may not grant such relief unless it had personal jurisdiction over the custodian of the prisoner." *Id.* (citations omitted). This conclusion is based upon the District's habeas statute, which provides that "[a] person committed, detained, confined or restrained from his lawful liberty <u>within the District</u>...may apply...for a writ of habeas corpus..." *See* D.C. Official Code § 16-1901 (2001 ed.) (emphasis supplied).   Therefore, since petitioner is incarcerated in Virginia at a Federal facility this Court has no jurisdiction over this matter.

C.    <u>**The DC Respondents Cannot Address Any Issues Regarding Parole.**</u>

Petitioner had filed a petition challenging the lawfulness of his incarceration based upon the actions of the United States Parole Commission, (USPC hereinafter) regarding his revocation hearing.  The petition contains no claim or allegation of wrongdoing by the DC Respondents.  As a legal and practical matter, the District of Columbia Board of Parole no longer exists and is unable to schedule or conduct any parole hearings pursuant to the National Capital Revitalization Act.  That Act transferred the authority of the DC Board of Parole to the USPC to conduct parole hearings and re-hearings.  The effective date of this change was August 5, 2000.  Therefore, the District of Columbia could not provide petitioner any relief, as it cannot conduct a parole hearing in this case, which is the only relief available to petitioner in a *habeas corpus* petition.  The real party in interest is the USPC and any substantive response should be filed by the Office of the United States Attorney, representing the USPC.

WHEREFORE, for all of the reasons set forth herein, the petition should be summarily dismissed.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


\_\_\s\_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV



\_\_\s\_____

MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C.  20001
202-724-6649; 202-727-6295

## CERTIFICATE OF SERVICE

     I hereby certify that on March 7, 2007, a copy of the foregoing Amended

Response to the Court's Order to Show Cause was mailed postage prepaid to:

Jack Roper
Fed. Reg. No.: 08148-007
USP Lee
P.O. Box 305
Jonesville, VA 24263

                _\s_____
                Michael P. Bruckheim
                Assistant Attorney General

4

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JACK ROPER, | : | |
| | : | |
| PETITIONER, | : | |
| | : | |
| v. | : | Civil Action No.: 07-148 (JDB) |
| | : | |
| JOHN D. CAULFIELD, *et. al.*, | : | |
| | : | |
| RESPONDENTS. | : | |

## <u>ORDER</u>

Upon consideration of the petition for writ of habeas corpus, the response thereto and the record herein, it is by the Court this _____ day of _____, 200__,

ORDERED:  That the Petition for Writ of Habeas Corpus shall be and the same is hereby dismissed as to Respondents John Caulfield and Devon Brown; and it is,

FURTHER ORDERED:  That the Court's January 30, 2007, Order to Show Cause shall be and the same is discharged as to Respondents John Caulfield and Devon Brown.


_____
JUDGE BATES
UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA