UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JACK ROPER,

    PETITIONER,

V.

JOHN D. CAULFIELD, et.al.,

    RESPONDENTS.

Civil Action No.: 07-148(JDB)

RECEIVED
APR 16 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

    Comes Now, Jack Roper, the pro-se Petitioner in the above captioned matter, to hereby move this Honorable United States District Court, for the District of Columbia, to give the below timely response to the Courts Order dated "April 2, 2007.

(1)

The history of the case remains unchanged and petitioner stands firmly on the merits there of, However, it is the Parole Commision's bare unsupported assumption that this case should be summarily dismissed for lack of Jurisdiction.

On December 21, 2006 Petitioner, filed a Petition for a Writ of Habeas Corpus against DC. Respondents, At the time of filing, Petitioner was incarcerated at the Central Treatment Facility in Washington D.C. Petitioner was Susequently transfered to USP Lee County in Jonesville, VA. and is Currently incarcerated at USP Lee County a Bureau of Prisons facility. Notwithstanding The Petitioner transfer during the course of this Litigation to Lee County USP Habeas Jurisdiction as a general matter continues to be in the District where the Prisoner was incarcerated at the time the Habeas Petition was Filed. In Support of this

(2)

Fact: Petitioner cites the "Controlling authority on this Position" See Blair/bey v Margeret Quic 151 F.3d 1036 (D.C. Cir 1998).

Prison Warden not the United States Parole Commission or the D.C. Board of Parole is the Prisoner "Custodian" against whom prisoner must bring habeas Corpus Petition Challenging Parole-related decisions. Thus, the USPC, DC BOP, and their officers and employees are not the Proper Parties to this action. Only John Caulfield, et al, is a proper party. See Chatman Bey V Thornburgl 864, F. 2d 804, 810 (D.C. Cir 1988) (En banc).

Transfer of Petitioner to another District Objective of Pending habeas Corpus Petition Could not be impaired of defeated by Removal of Prisoner from territorial Jurisdiction of District Court to another relocation Center where Suitable officials remained in district who would respond to writ. SEE 28 U.S.C. b 2241.

(3)

At the time the District Court issued its order, the Petitioner was imprisoned at the Lee County USP Federal facility, which is not within the territorial limits of the District. But the term "within the District" in Section 16-1901 is one of art. In McCall v Swain, 510 F.2d 167 (D.C. Cir 1975), we read that phrase to encompass "individuals confined within the District correctional facilities located outside the District limits". Id at 177. For the purposes of Section 16-1901, then the Petitioner was "within the District" at time District Court issued its ORDER.

For the above reasons, petitioner moves for the relief sought within the original filings and any further relief this Court deems just and proper.

Respectfully Submitted

Jack Roper 08148-007

I do certify that I have mailed a copy of this reply to the Parole Commission at the below listed address, Postage prepaid on 4/13/2007.

cc. Parole Comm
    US Dist Ct
      Filed
      4/13/2007