# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Jack Roper,

      Petitioner,

          v.                                    Civil Action No.  07-0148 (JDB)

John D. Caulfield *et al*,

      Respondents.

## MEMORANDUM OPINION

In this action for a writ of *habeas corpus*, petitioner challenges the United States Parole

Commission's decision to revoke his parole "based solely on hearsay testimony contained in a

police report."  Petition at 6.  He asserts that this violated his right under the Sixth Amendment to

confront and cross-examine the witnesses against him and seeks a new parole revocation hearing.

Upon consideration of the parties' submissions and the entire record, the Court finds no grounds

for issuing the writ and therefore will deny the petition.

## I.  BACKGROUND

On June 29, 1999, the Superior Court of the District of Columbia sentenced petitioner to

an aggregate maximum term of 10 years' imprisonment for the offenses of First-Degree Theft and

Attempted Robbery.  U.S. Parole Comm'n Oppo. to Petitioner's *Pro Se* Petition for a Writ of

Habeas Corpus ("Res.'s Oppo."), Ex. A.  On January 9, 2004, petitioner was released to parole

supervision for a period that was due to expire on December 15, 2008.  *Id*., Ex. B.  But, on March

8, 2005,  parole was revoked and petitioner was ordered to serve a 10-month term of

imprisonment.  *Id*., Ex. C.  In October 2005, petitioner was re-paroled with his sentence due to

expire on December 3, 2009.  *Id*., Ex. D.

On March 14, 2006, petitioner's community supervision officer ("CSO"), Esperita Garrison, informed the Commission that petitioner had violated the terms of his parole by using drugs, failing to report for drug testing, failing to comply with the requirement of sex offender registration, failing to report to his CSO, and failing to notify his CSO of a change of address. Garrison recommended that the Commission issue a warrant for petitioner's arrest. *Id.,* Ex. E. Subsequently, on March 24, 2006, Garrison informed the Commission that petitioner had been arrested on March 21, 2006, and charged with Unauthorized Use of a Vehicle ("UUV"). *Id.*, Ex. F. Garrison again recommended the arrest of the petitioner. *Id.* On April 19, 2006, the Commission issued a parole violator warrant for petitioner's arrest, which was executed on August 10, 2006. *Id.*, Ex. G.

Following a hearing on August 22, 2006, the hearing examiner found probable cause to believe that petitioner had violated the terms of his parole. *Id.,* Ex. I at 5. At the hearing, petitioner denied committing the offense of UUV and requested that the victim, Alfreda Arrington, attend his parole revocation hearing. *Id***.**

At petitioner's parole revocation hearing on September 20, 2006, Garrison and MPD Officer M. Fawzi appeared as witnesses. *Id.*, Ex. J. at 1. Fawzi, who had arrested petitioner on March 21, 2006 for the UUV, testified that he stopped petitioner for having an object hanging off of the rearview mirror of the car and eventually learned that the car had been reported as stolen. *Id.* at 3. Fawzi also stated that he contacted the complainant, Arrington, and that she informed him that the car was taken without permission and that she had waited for at least 24 hours before reporting the car stolen. *Id.* Arrington did not attend the hearing, but petitioner, through counsel, submitted her written statement that corroborated his testimony that the car was reported stolen by his girlfriend, albeit because of a misunderstanding. *Id.* at 4. In her written statement, Arrington

said that petitioner had permission to use the vehicle but had failed to return it after several hours.

She therefore reported it as stolen.  *Id*.  During the hearing, the examiner, Otis Thomas, had a

telephone conversation with Arrington to "verify the authenticity of two email documents."  *Id*.

They also discussed Arrington's statement she had made to "the police officer the night he

telephoned her" about the incident.  *Id*.

Upon consideration of the testimony of petitioner and Fawzi, the police report and

Arrington's written and verbal statements, Thomas credited the arresting officer's testimony over

that of the petitioner and Arrington and found that petitioner had committed the offense of UUV.

*Id*.  Thomas also found that petitioner had violated the conditions of his parole by committing

three charges to which he admitted.  *Id*. at 2.  Thomas established a re-parole guideline range of

18 to 24 months based substantially on the UUV charge.  He recommended that petitioner's

parole be revoked and that he be reconsidered for parole after serving 18 months' imprisonment.

*Id*. at 5.  On October 10, 2006, the Commission adopted Thomas' recommendation.  It revoked

petitioner's parole, forfeited the credit for time petitioner had earned while on parole, and set a  re-

parole date of February 10, 2008.  *Id.*, Ex. K.

On October 26, 2006, petitioner appealed the Commission's decision to the National

Appeals Board ("NAB").  *Id*., Ex. L.  He claimed that he was denied the right to confront and

cross-examine an adverse witness when Thomas spoke with Arrington on the phone without

allowing petitioner to question her.  *Id*.  He also claimed that he was not given proper credit for

the time he spent in custody on the UUV charge.  *Id*., Ex. M.  In affirming the Commission's

decision, the NAB found no merit to petitioner's confrontation claim because it determined that

Thomas' telephone call to Arrington was made only to authenticate petitioner's own evidence.  *Id*.

It also found that petitioner's evidence showed that Arrington "would in no way have appeared to

testify at the hearing" and that petitioner had "effectively waived [his] qualified right to confront

and cross-examine" Arrington by failing to object to her absence. *Id*. The NAB further found that

petitioner's jail-time credit was computed correctly. *Id*.

Petitioner initiated this action by lodging his application for a writ of *habeas corpus* with

the Clerk on December 29, 2006, while confined at the District of Columbia's Correctional

Treatment Facility. The action was formally filed on January 22, 2007.

## II. DISCUSSION

District of Columbia prisoners are entitled to *habeas corpus* relief under 28 U.S.C. § 2241

if they establish that their "custody is in violation of the Constitution or laws or treaties of the

United States." 28 U.S.C. § 2241(c)(3). Petitioner claims that he was denied his Sixth

Amendment right to confront and cross-examine an adverse witness.

Because a parole revocation proceeding is separate from the criminal prosecution, "the full

panoply of rights due a defendant [during the prosecution phase] does not apply to parole

revocations." *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). A parolee facing revocation,

however, may request the presence of adverse witnesses at his hearing and may cross-examine

such witnesses. *See* 28 C.F.R. § 2.103(c); *Morrissey*, 408 U.S. at 487. During his probable cause

hearing, petitioner requested that Arrington attend his revocation hearing. But he has pointed to

nothing in the record showing that during the revocation proceedings he or his counsel renewed

that request, objected to Arrington's physical absence, or asked to examine Arrington during her

appearance by telephone but were denied that request. Thus, the NAB properly determined that

petitioner had waived his right to confront and cross-examine Arrington at the revocation hearing.

*See Duckett v. Quick*, 282 F.3d 844, 848 (D.C. Cir. 2002) ("Because Duckett has failed to

establish that he did not waive his right to cross-examine his parole officer, we cannot grant his

petition on this ground.").

Even without a waiver finding, petitioner's claim would fail because a parolee is entitled to a new revocation hearing only if he establishes "prejudice from his inability to cross-examine" the missing witness. *Ash v. Reilly*, 431 F.3d 826, 830 (D.C. Cir. 2005) (quoting *Crawford v. Jackson*, 323 F.3d 123, 131 (D.C. Cir. 2003)) (internal quotation marks omitted). The record belies such a claim. It is questionable whether Arrington was "truly adverse" to even trigger rights under the confrontation clause, *see Ash*, 431 F.3d at 829 & n.1, inasmuch as "[t]he Commission's regulations define 'adverse witnesses' as 'witnesses who have given information upon which revocation may be based.'" *Id*. (citing 28 C.F.R. § 2.101 (b)). In contrast, Arrington's statements were favorable to petitioner insofar as they corroborated his claim of a misunderstanding about the car, *see supra* at 2-3, and established that Arrington had "'no intentions of testifying against Mr. Roper.'" Res.'s Ex. J. at 4. Moreover, Arrington's statements did not serve as a basis for the decision because the hearing examiner found her "not very credible." *Id*. Assuming, without deciding, that Arrington was an adverse witness, petitioner has not shown how his inability to cross-examine her prejudiced him. Notably, he has not indicated what testimony he could have elicited from her that may have changed the outcome of the proceeding. *See, e.g., Maddox v. Elzie,* 238 F.3d 437, 444-445 (D.C. Cir. 2001) (no prejudice shown where parolee was able to present his "full case" of innocence to the parole board and his counsel "neither objected to [*ex parte* communication] nor otherwise indicated to the Board that the revocation hearing was tainted").

In the absence of a Sixth Amendment violation, the Court may disturb the parole revocation decision only if  it finds it to be "either totally lacking in evidentiary support or  . . .  so irrational as to be fundamentally unfair." *Ash*, 431 F.3d at 830 (quoting *Crawford*, 323 F.3d at 129) (internal quotation marks and other citation omitted). That is not the case here. Contrary to petitioner's premise, the hearing examiner did not rely exclusively on the police report. Rather, he

considered the testimony of the petitioner and the arresting officer who had authored the report, as well as Arrington's written statements proffered by petitioner, all of which corroborated the fact that petitioner was driving Arrington's reported stolen car when he was stopped. *See* Res.'s Ex. J at 3-4. The fact that the hearing examiner found the arresting officer's testimony "more believable than not" and found Arrington "not very credible," *id*. at 4, is not itself subject to judicial review. *See Billiteri v. United States Bd. of Parole*, 541 F.2d 938, 944 ((2d Cir. 1976) (quoting *Brest v. Ciccone*, 371 F.2d 981, 982-83 (8th Cir. 1967)) ("[I]t is not the function of the courts . . . to repass on the credibility of reports and information received by the Board in making its determinations.").

For the foregoing reasons, the petition for a writ of *habeas corpus* is denied. A separate Order accompanies this Memorandum Opinion.

s/
_____
JOHN D. BATES
United States District Judge

Dated: July 19, 2007